## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHRYN CARROLL,** | : | **No. 3:16-CV-1509** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **COMPREHENSIVE WOMEN'S** | : | |
| **HEALTH SERVICES,** | : | **Honorable James M. Munley** |
| | : | |
| **Defendant.** | : | **JURY TRIAL DEMANDED** |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

AND NOW, comes the Defendant, Comprehensive Women's Health Services, by and through the undersigned counsel, and submits the following Brief in Support of its Motion to Dismiss Plaintiff's Complaint.

### I.     STATEMENT OF FACTS

Plaintiff, Kathryn Carroll ("Ms. Carroll") filed the complaint against the Defendant, Comprehensive Women's Health Services ("CWHS"), alleging *inter alia*, violations of the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), and the Genetic Information Nondiscrimination Act ("GINA"). The facts alleged in the complaint are as follows.

Plaintiff claims that she worked in the medical records department of the Defendant. *See* Compl. at ¶ 7. She alleges that she was diagnosed with breast cancer in November 2011. *See id.* at ¶ 9. She states that she underwent treatment including a mastectomy of her right breast. *See id.* at ¶ 11. She acknowledges that she was

1

given leave to attend all doctor appointments. *See id*. at ¶ 10.  She was told that the cancer had not spread and that she would not require further treatments. *See id*. at ¶ 11.

When she returned to work, she claims that she had trouble lifting the records cart over a lip near the elevator. *See id*. at ¶ 12.  She states that she asked to be relieved of this job duty. *See id*.  Although she contends that that request was not honored, she acknowledges that she was relieved from that job duty when co-workers helped her transport the cart. *See id.* at ¶ 13.

Plaintiff claims that in February 2012 she had her left breast removed as a prophylactic measure. *See id*. at ¶ 14.  Again, she acknowledges that she was afforded leave. *See id*. at ¶ 15.

Approximately one year later, she informed CWHS' officer manager that she would need time off on February 5, 2013 in order to undergo genetic testing to determine if she had a cancer gene. *See id*. at ¶ 16.  At this time, she claims that she submitted a form requesting a week off in March 2013 for surgery to remove her ovaries. *See id*. at ¶ 17.

Plaintiff asserts that she went for the genetic testing on February 5, 2013. *See id*. at ¶ 18.  She alleges that the next day she was told by the office manager that a patient's medical chart was missing. *See id*. at ¶ 19.  She acknowledges that the officer manager reprimanded her for her "attitude" during that conversation. *See id*.

at ¶ 21.  Plaintiff admits that her employment was subsequently terminated later that day.  *See id.* at ¶ 24.

Based on the above, Plaintiff has filed a lawsuit alleging violations of the ADA, PHRA, and GINA.  Defendant subsequently filed a Motion to Dismiss.  For the reasons stated below, the Motion should be granted.

## II.     STATEMENT OF QUESTIONS PRESENTED

**A.     MUST THE COURT MUST DISMISS COUNT II BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED IN THAT SHE HAS NOT ESTABLISHED THAT SHE HAS A "DISABILITY" RECOGNIZED BY THE PHRA?**

*Suggested answer: Yes.*

**B.     MUST THE COURT DISMISS COUNTS I AND II BECAUSE THE PLAINTIFF FAILED TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED IN THAT SHE HAS NOT ESTABLISHED THAT SHE WAS TERMIANTED DUE TO HER "DISABILITY?"**

*Suggested answer: Yes.*

**C.     MUST THE COURT DISMISS COUNT III BECAUSE THE PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AND BECAUSE SHE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

*Suggested answer: Yes.*

## III.    STANDARD OF REVIEW

In considering motions to dismiss, district courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff

may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citations omitted).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Rule 8(a), which requires that the pleading contain a short and plain statement showing that the plaintiff is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Therefore, a complaint must contain "sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted). To this end, the plaintiff "must allege facts that raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (citations and quotations omitted). To satisfy the pleading standard, the complaint must indicate that the plaintiff's right to relief is more than a "sheer possibility." *See Iqbal*, 556 U.S. at 678 ("where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief").

Under the two-prong approach enunciated in *Twombly* and formalized in *Iqbal*, the district court must first identify all factual allegations that constitute nothing more that "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 564, 557. These assertions "are not entitled to the assumption of truth" and must be disregarded for purposes of resolving a motion to dismiss. *Iqbal*, 556 U.S. at 679.

4

The second step involves the court identifying the "nub" of the complaint and determining whether it states a plausible claim for relief. *See id.* at p. 680.

## IV.   ARGUMENT

### A.   THE COURT MUST DISMISS COUNT II BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED IN THAT SHE HAS NOT ESTABLISHED THAT SHE HAS A "DISABILITY" RECOGNIZED BY THE PHRA.

For purposes of resolving the instant Motion, Counts I and II can be analyzed simultaneously. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).  In order to establish a *prima facie* case of disability discrimination, a plaintiff must demonstrate: (i) that she is a disabled person within the meaning of the ADA or PHRA; (ii) that she is otherwise qualified to perform her essential job functions; and (iii) she has suffered an adverse employment decision *as a result of discrimination*. *See Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010) (citations omitted) (emphasis added).

A "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

The ADAAA were enacted in 2008.  The amendments provided that, *inter alia*, a medical condition that is episodic or in remission *may* qualify as a disability under the ADA. *See Katz v. Adecco USA, Inc.*, 845 F.Supp.2d 539, 548 (S.D.N.Y.

2012) (citations omitted).  However, the PHRA was not expanded to include such a broad definition of "disability." *See Showers v. Endoscopy Ctr. Of Central Pa, LLC*, 58 F.Supp.3d 446, 462 (M.D.P.A. 2014)

> While the PHRA's definition of disability largely tracked the ADA's prior to the ADAAA, Pennsylvania has not similarly expanded the meaning of disability under the PHRA. In disability discrimination cases predicated on conduct that occurred after January 1, 2009, where disability status is at issue, therefore, courts in this circuit have applied the pre-ADAAA standard to PHRA claims.

*See id.*

Using the pre-ADAAA paradigm, merely being diagnosed with cancer does not, in and of itself, entitle Plaintiff to protection under the PHRA, especially when she admits that her cancer was cured approximately one year prior to her termination. *See Adams v. Rice*, 531 F.3d 936, 944 (D.C. Cir. 2008) (plaintiff whose cancer was in remission at time of termination did not have an actual disability at the time that the allegedly discriminatory employment decisions occurred); *Farrish v. Carolina Commercial Heat Treating, Inc.*, 225 F.Supp.2d 632, 636 (M.D.N.C. 2002) (plaintiff, who had cancer in the past, was not disabled because her cancer was in remission at the time of her termination); *Alderdice v. American Health Holding, Inc.*, 118 F.Supp. 2d 856, 863 (S.D. Ohio 2000) (plaintiff's cancer was in remission and therefore was not substantially limiting).  To be sure, a cancer diagnosis is insufficient to sustain Plaintiff's burden.  She must allege more—specifically, that

she suffered from a condition that impaired major life activities.  She has not done so.

Moreover, she has failed to articulate that a "record" of a disability exists. Again, the mere diagnosis of cancer is insufficient.  She must allege more so that the Court can determine whether she suffered from a qualifying "impairment."  There are absolutely no allegations in the complaint indicating that Plaintiff suffered from impairments that substantially limited a major life activity at any point in time.  Such allegations are necessary to satisfy her *prima facie* case. *See Sinkler v. Midwest Prop. Mgmt. Ltd. P'ship*, 209 F.3d 678, 686 (7th Cir. 2000) (citing *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 519 n.7 (7th Cir. 1998) (plaintiff must provide "not simply a diagnosis, but a record reflecting the kind of impairment that would impose a substantial limitation on one or more of the plaintiff's major life activities").  In fact, the complaint indicates that after Plaintiff was cured, further medical treatment was not required.  This lends itself to the inference that Plaintiff did not experience substantial limitations of a major life activity after her mastectomy.

Not only is the complaint entirely bereft of any mention that Plaintiff experienced a qualifying "impairment," there is also no indication that Defendant "regarded" Plaintiff as still having cancer, or as suffering from a qualifying impairment related thereto, after her cancer was cured.

Based on the above, it is clear that the Plaintiff cannot satisfy her *prima* facie case because she has not alleged that she suffered from a "disability" as defined in the PHRA. Therefore, Count II must be dismissed.[1]

**B.    THE COURT MUST DISMISS COUNTS I AND II BECAUSE THE PLAINTIFF FAILED TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED IN THAT SHE HAS NOT ESTABLISHED THAT SHE WAS TERMIANTED DUE TO HER "DISABILITY."**

Additionally, Counts I and II must be dismissed because they are entirely devoid of any factual allegations linking Plaintiff's termination to her cancer. The Plaintiff invites the Court to speculate that the reason for her termination was her cancer diagnosis.  The facts alleged in the complaint are as follows:

The factual "support" for Plaintiff's "disability" claims can be broken down into the following allegations:

    a)  Plaintiff was diagnosed with cancer in November 2011;

    b)  Sometime proximate to the diagnosis, Plaintiff had surgery to remove the cancer;

    c)  The  cancer had not spread and no further treatments were necessary;

    d)  She returned to work, requested to be relieved of certain duties, and was relieved of those duties;

---

[1] To the extent Plaintiff asserts a failure to accommodate, this claim should be dismissed from both Counts I and II because she admits that she was relieved of the duty that was the subject of the alleged accommodation request.

e) She had surgery to remove her right breast in February 2012;

f) Almost a year later, she went for genetic testing;

g) She was terminated the day after the purported genetic testing after displaying "attitude" in response to the officer manager's inquiry about a missing patient record.

There is simply no indication in the foregoing allegations that Plaintiff's cancer played any role in her termination. There are no allegations that Defendant made any negative comments about Plaintiff's cancer at any time. There are no allegations that Defendant cited Plaintiff's cured cancer as a reason for her termination. There are no documents or allegations indicating that Defendant gave negative weight to Plaintiff's cancer in the decision to terminate her. Plaintiff merely invites this Court to speculate that her cured cancer was the reason for her termination simply because she received a diagnosis prior to her termination. There is no actual evidence or allegations that supports this inference, as required by Rule 8.

Based on the above, the Plaintiff has failed to sustain her burden, and Counts I and II must be dismissed. *Victaulic*, 499 F.3d at 234 (the plaintiff "must allege facts that raise a right to relief above the speculative level . . . .").

**C. THE COURT MUST DISMISS COUNT III BECAUSE THE PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AND BECAUSE SHE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

It is well-established that a plaintiff must exhaust her administrative remedies prior to filing a GINA lawsuit. *See Flint v. Action Pers., Inc.*, 2013 U.S. Dist. LEXIS 178423 (W.D. Va. 2013) **(attached as Exhibit A)**; *Harris v. Sara Lee*, 2014 U.S. Dist. LEXIS 55576 (E.D. Kent. 2014) **(attached as Exhibit B);** 42 U.S.C. § 2000ff(6); 29 C.F.R. § 1635.10. According to the Determination issued in this case, Plaintiff's Charge of Discrimination with the Equal Employment Opportunity Commission included only claims under the ADA. ***See*** **Exhibit C, Determination of Charge #530-2013-02144 ("Charging Party alleges she was terminate because of her disability in violation of the Americans with Disabilities Act, as amended").** There is no reference in the Determination that Plaintiff lodged any claim under GINA before the EEOC. As such, she has failed to exhaust her administrative remedies as to that claim. ***See*** **Exhibit A (dismissing GINA claim because Defendant did not show that she exhausted administrative remedies by including the claim in her charge of discrimination).**

Moreover, even if the Plaintiff had exhausted her administrative remedies regarding her GINA claim, which she has not, Count III must still be dismissed because she has failed to plead a claim upon which relief can be granted. To be sure, in order to maintain a GINA claim, Plaintiff must show: (i) that she was an employee; (ii) who was discharged or deprived of employment opportunities; (iii) because of information from her genetic testing. *See Leone v. New Jersey*

10

*Orthopaedic Specialists, P.A.*, 2012 U.S. Dist. LEXIS 59174 **(attached as Exhibit D).**

The complaint in the case at bar contains absolutely no allegations indicating that Plaintiff was terminated because of genetic testing information.  Indeed, the complaint does not even indicate that Defendants knew of the results of the genetic testing at the time of Plaintiff's termination.  Since Plaintiff's termination allegedly occurred the day after the genetic testing was done, it is highly likely that the results were not even available to Plaintiff at the time that she was terminated.  There is no indication that Plaintiff had the results or that the results were somehow communicated to the Defendant prior to her termination.  This is fatal to Plaintiff's GINA claim.

Moreover, the Complaint does not even indicate the results of the genetic testing.  Certainly, Plaintiff would not have a legitimate GINA claim if the results of the genetic testing came back negative, *i.e.*, if she did not have the cancer gene. Therefore, the Plaintiff's GINA claim rests upon her having the cancer gene. However, there are no allegations indicating whether or not she did in fact have the cancer gene.  Consequently, Plaintiff has failed to satisfy the pleading requirements of Rule 8, and Count III should therefore be dismissed.

Finally, even if the Plaintiff had the cancer gene and communicated that fact to the Defendant, neither of which is alleged in the complaint, beyond mere

threadbare recitals of the elements of a GINA claim, which cannot be considered by this Court, there are absolutely no allegations indicating that the results of the genetic testing played any role whatsoever in the decision to terminate Plaintiff's employment. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (bare-bones allegations and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not survive a 12(b)(6) motion). As such, Count III should be dismissed.

## V.    CONCLUSION

Based on the above, the instant Motion should be granted.

Respectfully submitted,

FANELLI, EVANS, & PATEL, P.C.

By:   */s/ Eric M. Prock, Esquire*
      ERIC M. PROCK, ESQUIRE
      Attorney I.D. No. 208315
      No. 1 Mahantongo Street
      Pottsville, PA 17901
      (570) 622-2455
      *Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KATHRYN CARROLL,** | : | **No. 3:16-CV-1509** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **COMPREHENSIVE WOMEN'S** | : | |
| **HEALTH SERVICES,** | : | **Honorable James. M. Munley** |
| | : | |
| **Defendant.** | : | **JURY TRIAL DEMANDED** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of ***DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT*** was filed electronically with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participant on this case:

Marc E. Weinstein, Esquire
500 Office Center Drive
Suite 400
Fort Washington, PA 19034
marc@meweinsteinlaw.com

Ralph E. Lamar, Esquire
Law Office of Ralph Lamar
8515 Braun Loop
Arvada, CO 80005
ralphlamar@ymail.com

FANELLI, EVANS, & PATEL, P.C.

DATED:  September 21, 2016        By:   */s/ Eric M. Prock, Esquire*
                                                        ERIC M. PROCK, ESQUIRE
                                                        *Counsel for Defendant*

13