IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHRYN CARROLL** | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 16-CV-1509 |
| v. | : | |
| | : | |
| **COMPREHENSIVE WOMEN'S** | : | Before the Hon. James M. Munley |
| **HEALTH SERVICES** | : | United States District Judge |
| | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Kathryn Carroll, via counsel, complains as follows against Defendant Comprehensive Women's Health Services:

**I.  INTRODUCTION**

1. Plaintiff brings this action for equitable relief and monetary damages to redress the deprivation of civil rights secured to her by the Americans with Disabilities Act ("ADA"), as amended, Pub. L. No. 110–325 § 2(b)(1), 122 Stat. 3553–3554 (2008), the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.*, and the Genetic Information Non-Discrimination Act ("GINA"), 42 U.S.C. § 2000ff *et seq.*, while she was an employee of Defendant.  Specifically, Plaintiff - who has been courageously battling cancer - alleges her employment was terminated because of Defendant's irrational fears about her when she notified them that she was going to need time off for more prophylactic surgery, and because of her family history of cancer.  Defendant's actions caused her enormous mental distress and humiliation, and a loss of employment and compensation.  She seeks back pay, reinstatement

or front pay, compensatory and punitive damages, as well as attorneys' fees and the costs of this action.

**II.     PARTIES**

2.     Plaintiff is an adult female, and citizen of the United States currently residing in Pottsville, PA.

3.     Defendant is now, and was at all relevant times, a corporate entity organized under the laws of the Commonwealth of Pennsylvania conducting business at 171 Red Horse Road, Suite 1, Pottsville, PA.

4.     At all times relevant herein, Defendant acted through its several agents, servants, and employees (including but not limited to those named elsewhere in this Complaint), each of whom acted in the course and scope of their employment for Defendant at all times relevant herein.  Defendant is therefore fully responsible for the illegal and discriminatory acts and omissions of the aforesaid employees pursuant to the principle of *respondeat superior*.

**III.    JURISDICTION**

5.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

6. The United States District Court for the Middle District of Pennsylvania has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

7. At all relevant times Defendant has had at least 15 employees and is capable of being sued under the ADA and GINA and is subject to the jurisdiction of this court under those statutes.

8. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

9. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was working in the Middle District of Pennsylvania at the time of the illegal actions set forth herein).

**IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the ADA, GINA and PHRA.  In particular:

    a) Plaintiff timely filed a written charge of discrimination with the Philadelphia

   district office of the U.S. Equal Employment Opportunity Commission ("EEOC") (where it was assigned Charge No. 530-2013-02144);

b)   Plaintiff's charge, initially filed on April 19, 2013, alleged violations of both the ADA and GINA (see attached);

c)   In December 2015, **the EEOC issued a finding of probable cause**, i.e., that Defendant violated Plaintiff's federally-protected rights;

d)   On or about April 27, 2016, the EEOC issued a Dismissal and Notice of Rights;

e)   The instant action is timely because has been initiated within ninety (90) days of the receipt of the aforementioned Notice;

f)   Plaintiff also timely cross-filed her aforesaid charge of discrimination with the Pennsylvania Human Relations Commission;

g)   Plaintiff has fully exhausted her administrative remedies as required under the ADA, GINA and PHRA.

## V.   STATEMENT OF FACTS

11.   Plaintiff started working for Defendant as a Medical Records Clerk/Registration Clerk in November 2000. Ultimately, she just worked in the medical records department. Her immediate supervisor there was Regina Tutko.

12.   Plaintiff was never written up or disciplined throughout her tenure with Defendant and she performed her job as expected.

13.   In November 2011 Plaintiff was diagnosed with breast cancer.

14.   Plaintiff informed Defendant's office manager, Judy Nagle, of her diagnosis and was given time off to attend her doctor's appointments.

15.     She underwent treatment consisting of a mastectomy of her right breast. This required Plaintiff to take approximately three weeks out of the office.

16.     In February of 2012 Plaintiff had her left breast surgically removed as a preventative, prophylactic measure.  This also required approximately three weeks out of the office.

17.     On or about January 31, 2013 Plaintiff informed Nagle, that she would need time out of the office on February 5, 2013 in order to undergo genetic testing to see whether she was a carrier of a cancer gene.

18.     Plaintiff told Nagle that cancer had run in her family and she was worried that she had a gene for cancer.  Plaintiff has two adult sons and she wanted to provide them some psychological assurances that they did not possess the cancer gene.

19.     At that time, Plaintiff also submitted a form to Nagle requesting a week off in March of 2013 for surgery to prophylactically remove her ovaries.

20.     On February 5, 2013 Plaintiff went for the genetic testing.

21.     The next day, February 6, 2013, Nagle told Plaintiff that a patient's medical chart was missing.  This was not an uncommon occurrence due to physicians' misplacing them or taking them home with them at the end of the day.

22.     Plaintiff told Nagle that she had not been to work the previous day and she did not know where the chart might be located.

23.     Nagle found the chart shortly thereafter (around noon) and then proceeded to verbally reprimand Plaintiff for her "attitude" about the "missing chart."

24. Plaintiff had not expressed a negative attitude about the missing chart. She had only said to Nagle that "sometimes having an extra set of eyes is necessary to locate a missing chart."

25. At 3:00 p.m. that day Plaintiff was called into a conference room where Nagle, Dr. Zimmerman and Dr. Krewson were waiting.

26. Plaintiff was informed by Nagle that her employment had been terminated.

27. Dr. Zimmerman told Plaintiff that "this was unacceptable." Plaintiff asked, "what's unacceptable?" Zimmerman provided no response, and neither did Nagle or Dr. Krewson.

28. No one gave Plaintiff a reason for her firing, which occurred one day after she was out for genetic testing for cancer due to a family history of the disease. The firing took place two days after notifying Nagle of her upcoming surgery related to cancer.

29. Nagle escorted Plaintiff out of the building and told Plaintiff she was not to say anything to the staff.

30. Plaintiff violated no work rules that would have justified being fired.

31. Further, Defendant violated its own progressive disciplinary policy by firing Plaintiff abruptly, for no stated reason, and without having issued Plaintiff any prior corrective action.

32 It was only later, during the unemployment compensation review process, that Defendant offered any explanation for abruptly firing Plaintiff in violation of its own policies. Defendant claimed that Plaintiff had been insubordinate when she spoke to Nagle about the missing patient chart.

33.     This allegation was phony. Plaintiff was never insubordinate with Nagle.

34.     This proffered reason for Plaintiff's termination is pretextual. Instead, based on the unusually suspicious timing, the false charge against her, and the disregard of Defendant's policies, it is obvious to any objective observer that Plaintiff was fired because of her disease and her family history of cancer.

35.     After this devastating event, Plaintiff did not leave her house for weeks. She was mired in depression. More than three and a half years later, Plaintiff still suffers profound depression and anxiety from Defendant's cruelty. She is treated by mental health professionals and medication.

## COUNT I
## ADA VIOLATION

36.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.     Plaintiff is a "qualified individual with a disability" because she has been diagnosed with cancer, and has undergone surgeries and treatment for her cancer.

38.     Moreover, in being diagnosed with cancer, and undergoing surgeries and treatment for her cancer, Plaintiff has (a) a physical or mental impairment that substantially limits one or more of her major life activities; or (b) a record of such an impairment; or (c) was regarded as having such an impairment.

39.     Cancer has substantially limited Plaintiff's major life activity of normal cell growth.

40.     Cancer has also substantially limited Plaintiff in the major life activities of:

      - lifting

      - using her hands

      - climbing and/or descending

      - having feeling in her arms and hands

      - pushing and/or pulling

41. In terminating Plaintiff's employment because of her disability, Defendant violated the Americans with Disabilities Act.

42. Defendant has engaged in knowing, purposeful, and deliberate discrimination against Plaintiff.

43. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally-protected rights to be free from disability discrimination in employment.

44. As a result of Defendant's unlawful discrimination, Plaintiff has suffered pecuniary losses, physical damages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as set forth herein.

## COUNT II
## PHRA VIOLATION

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Defendant's discriminatory actions as aforesaid also violated the PHRA.

47. As a result of Defendant's unlawful discrimination, Plaintiff has suffered pecuniary

losses, physical damage, emotional pain, anguish and suffering, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses, as set forth herein.

## COUNT III
## GINA VIOLATION

48. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49. Pursuant to 42 U.S.C. § 2000ff-1(a), GINA makes it unlawful to discharge an employee because of that employee's genetic information.

50. Pursuant to 42 U.S.C. § 2000ff-(4)(a), GINA defines "genetic information" as "information about - (i) such individual's genetic tests, (ii) the genetic tests of family members of such individual, and (iii) the manifestation of a disease or disorder in family members of such individual."

49. Instantly, by discharging Plaintiff due to her need for a genetic test and due to her family history of the disease or disorder of cancer, Defendant violated GINA.

50. As set forth above, Defendant has engaged in knowing, purposeful, and deliberate discrimination against Plaintiff.

51. Defendant engaged in these discriminatory practices with malice and reckless indifference to Plaintiff's federally-protected rights to be free from employment discrimination based on genetic information.

52. As a result of Defendant's unlawful discrimination, Plaintiff has suffered pecuniary losses, physical damages, emotional pain, suffering, inconvenience, mental anguish, loss of

enjoyment of life, and other non-pecuniary losses, as set forth herein.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendant is to be permanently enjoined from discriminating against Plaintiff on any basis forbidden by the ADA, the GINA, the PHRA and other applicable law;

B. Defendant is to promulgate and/or adhere to a policy prohibiting disability discrimination in the workplace, and ensure this policy is enforced;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, interest, salary, pay increases, bonuses, insurance, benefits, training, promotions, lost 401K or retirement benefits, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date her employment was first terminated until the date of verdict, and Defendant should be ordered to provide an accounting of all benefits lost by Plaintiff to ensure Plaintiff is made whole if deemed appropriate by the Court;

D. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

E. Plaintiff is to be awarded punitive damages as permitted by the ADA and GINA, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, reckless and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

F. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

G. This Court should grant any and all other such legal or equitable relief as it deems necessary, just, and appropriate;

H. This Court should maintain jurisdiction over the instant action to ensure full compliance with its Orders therein until such time it is satisfied that its Orders and dictates have been complied with in full by Defendant;

I. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Amended Complaint in accordance with Federal Rule of Civil Procedure 38(b).

        Respectfully submitted,

By: /s/Marc E. Weinstein, Esq.
Marc E. Weinstein
500 Office Center Drive
Suite 400
Fort Washington, PA 19034
267.513.1942 tel
marc@meweinsteinlaw.com

/s/ Ralph E. Lamar, Esq.
Ralph E. Lamar
8515 Braun Loop
Arvada, CO 80005
303.345.3600 tel
ralphlamar@ymail.com

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Marc E. Weinstein, Esquire, hereby certify that on this 10th day of October, 2016, I caused the foregoing document to be filed via ECF and that Defendant's counsel is a filing user under the ECF system. Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with this case. Electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document and no additional service upon the filing user is required.

/s/Marc E. Weinstein, Esq.
Marc E. Weinstein
500 Office Center Drive
Suite 400
Fort Washington, PA 19034
267.513.1942 tel
marc@meweinsteinlaw.com



5 -2013-02144

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a." Please Print.

**1. Personal Information**

Last Name: Carroll   First Name: Kathryn   MI: A
Street or Mailing Address: 404 West Norwegian st   Apt Or Unit #:
City: Pottsville   County: Schuylkill   State: PA   ZIP: 17091
Phone Numbers: Home: (570) 622-3397   Work: ( )
Cell: (570) 640-5978   Email Address: bigbangtheorykac@hotmail.com
Date of Birth: [redacted]   Sex: Male ☐ Female ☒   Do You Have a Disability? ☐ Yes ☒ No

Please answer each of the next three questions.   i. Are you Hispanic or Latino? ☐ Yes ☒ No
ii. What is your Race? Please choose all that apply.   ☐ American Indian or Alaska Native   ☐ Asian   ☒ White
☐ Black or African American   ☐ Native Hawaiian or Other Pacific Islander
iii. What is your National Origin (country of origin or ancestry)? american

Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:
Name: Michael Carroll   Relationship: husband
Address: 404 West Norwegian st   City: Pottsville   State: Pa   Zip Code: 17901
Home Phone: (570) 622-3397   Other Phone: (570) 640-5988

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)
☒ Employer   ☐ Union   ☐ Employment Agency   ☐ Other (Please Specify)

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: Comprehensive Womans Health Services
Address: 171 Red Horse rd   County: Schuylkill
City: Pottsville   State: PA   Zip: 17901   Phone: (570) 628-2229
Type of Business: obgyn office   Job Location if different from Org. Address:
Human Resources Director or Owner Name: Robert Zimmerman (owner)   Phone: 570-628-2229
Number of Employees in the Organization at All Locations: Please Check (√) One
☐ Fewer Than 15   ☒ 15 - 100   ☐ 101 - 200   ☐ 201 - 500   ☐ More than 500

**3. Your Employment Data** (Complete as many items as you can)   Are you a Federal Employee? ☐ Yes ☒ No
Date Hired: 11/2000   Job Title At Hire: medical records clerk /registration clerk
Pay Rate When Hired: 6.25p/hr   Last or Current Pay Rate: 10.59p/hr
Job Title at Time of Alleged Discrimination: medical records clerk   Date Quit/Discharged: 2/6/2013
Name and Title of Immediate Supervisor: Regina Tutko

RECEIVED - EEOC
PHILADELPHIA D.O.
2013 APR 19 P 2:24

If Job Applicant, Date You Applied for Job _____    Job Title Applied For _____

**4. What is the reason (basis) for your claim of employment discrimination?**
FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.

☐ Race  ☐ Sex  ☐ Age  ☒ Disability  ☐ National Origin  ☐ Religion  ☐ Retaliation  ☐ Pregnancy  ☐ Color (typically a difference in skin shade within the same race)  ☐ Genetic Information; choose which type(s) of genetic information is involved:

☒ i. genetic testing  ☐ ii. family medical history  ☐ iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: _____

If you checked genetic information, how did the employer obtain the genetic information? _____

Other reason (basis) for discrimination (Explain). _____

**5. What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed.
*(Example: 10/02/06 - Discharged by Mr. John Soto, Production Supervisor)*

A) Date: February 6, 2013    Action: fired with out reason after advising I was going to need more time off for surgery due to having cancer

Name and Title of Person(s) Responsible: Judy Nagle

B) Date: February 6, 2013    Action: dismissal with out a cause

Name and Title of Person(s) Responsible: Robert Zimmerman, David Krewson (owners) Judy Nagle

**6. Why do you believe these actions were discriminatory? Please attach additional pages if needed.**
a week prior to dismissal I had informed Judy Nagle that I was going to have Genetic testing done on 2/5/13 for cancer screening and schedule surgery the following day while at work I was told to come into the conference room where the two doctors of the practice and office manger had been in and I was told I was being fired/ dismissed No reason was given and I was walked to my work station and told not to talk to anyone and get my belongings and then lead to the door

**7. What reason(s) were given to you for the acts you consider discriminatory? By whom? His or Her Job Title?**
was never told why I was being let go never received a letter after dismissal
Robert Zimmerman, David Krewson (owners) Judy Nagle ( office mngr )

**8. Describe who was in the same or similar situation as you and how they were treated.** For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| Description of Treatment | | |
| B. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
| Description of Treatment | | |

P-0055

Of the persons in the same or similar situation as you, who was treated *worse* than you?

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| Description of Treatment | | |
| B. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
| Description of Treatment | | |

Of the persons in the same or similar situation as you, who was treated the *same* as you?

| A. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
|---|---|---|
| Description of Treatment | | |
| B. Full Name | Race, sex, age, national origin, religion or disability | Job Title |
| Description of Treatment | | |

Answer questions 9-12 only if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:
   ☐ Yes, I have a disability
   ☐ I do not have a disability now but I did have one
   ☐ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).


11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
   Yes ☐   No ☐
If "Yes," what medication, medical equipment or other assistance do you use?


12. Did you ask your employer for any changes or assistance to do your job because of your disability?
   Yes ☐   No ☐
If "YES", when did you ask? _____   How did you ask (verbally or in writing)? _____
Who did you ask? (Provide full name and job title of person)

Describe the changes or assistance that you asked for:


How did your employer respond to your request?

P-0056

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| A. Full Name | Job Title | Address & Phone Number |
|---|---|---|
| Deb Ridge | Medical records Clerk | 31 Richard st Pottsville Pa 17901 Ph 570-622-2415 |

What do you believe this person will tell us?
that she was fired unjustly and she was singled out by the office mngr

| B. Full Name | Job Title | Address & Phone Number |
|---|---|---|
|  |  |  |

What do you believe this person will tell us?

14. Have you filed a charge previously in this matter with EEOC or another agency?   Yes ☐   No ☒

15. If you have filed a complaint with another agency, provide name of agency and date of filing:

16. Have you sought help about this situation from a union, an attorney, or any other source?   Yes ☒   No ☐
Provide name of organization, name of person you spoke with and date of contact. Results, if any?
Attorney Marc Weistein, 4/18/13 was advised would need to file a claim with EEOC

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

Box 1   ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

Box 2   ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_____Kathryn A Carroll_____   _____4/18/13_____
Signature                                  Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1. FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08).
2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a), 42 USC §2000ff-6.
3. PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge.
4. ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION.
Providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| A. Full Name | Job Title | Address & Phone Number |
|---|---|---|
| Deb Ridge | Medical records Clerk | 31 Richard st Pottsville Pa 17901 Ph 570-622-2415 |

What do you believe this person will tell us?
that she was fired unjustly and she was singled out by the office mngr

| B. Full Name | Job Title | Address & Phone Number |
|---|---|---|
| | | |

What do you believe this person will tell us?


14. Have you filed a charge previously in this matter with EEOC or another agency?   Yes ☐   No ☒

15. If you have filed a complaint with another agency, provide name of agency and date of filing:


16. Have you sought help about this situation from a union, an attorney, or any other source?   Yes ☒   No ☐
Provide name of organization, name of person you spoke with and date of contact. Results, if any?
Attorney Marc Weistein, 4/18/13 was advised would need to file a claim with EEOC

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

Box 1 ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

Box 2 ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_Kathryn A Carroll_ (signature)
Kathryn A Carroll
Signature

4/18/13
Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1. FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08).
2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a), 42 USC §2000ff-6.
3. PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge.
4. ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 530-2013-02144 |

Pennsylvania Human Relations Commission                                                                 and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Kathryn Carroll | (570) 622-3397 | ■ |

Street Address: 404 West Norwegian Street, Pottsville, PA 17901

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| COMPREHENSIVE WOMEN'S HEALTH SERVICES | 15 - 100 | (570) 628-2229 |

Street Address: 171 Red Horse Road, Pottsville, PA 17901

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☒ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-06-2013    Latest: 02-06-2013
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired during November 2000, as a Medical Records Clerk/Registration Clerk and I believe that I have been subjected to discriminatory actions because of my medical condition in that I was terminated without an explanation on February 6, 2013. Specifically, prior to my termination, I informed Judy Nagle, Supervisor that I was going to have genetic testing done on 2-5-13, for screening of a potential medical condition, and I also informed her that I had surgery scheduled      I was eventually called into a conference room where the two Doctors of the practice and Office Manager had been in and I was informed that I was being terminated effective immediately. No reason was given to me regarding my termination.

I believe that I have been subjected to discriminatory actions in violation of the Americans with Disabilities Act (ADA) and I also believe that the information I shared regarding my appointment for genetic testing was also a factor in my termination.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Apr 11, 2014    *Ms. Kathryn Carroll*
Date                Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

P-0036