IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHRYN CARROLL, | : | No. 3:16cv1509 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| COMPREHENSIVE WOMEN'S | : | |
| HEALTH SERVICES, | : | |
| **Defendant** | : | |

## **MEMORANDUM**

This employment discrimination matter arises from Defendant Comprehensive Women's Health Services's decision to terminate Plaintiff Kathryn Carroll's employment one day after she requested medical leave for genetic cancer testing and two days after requesting leave for a cancer related surgery.  Plaintiff claims the defendant terminated her employment in contravention of the Americans with Disabilities Act, Pennsylvania's Human Relations Act, and the Genetic Information Non-Discrimination Act.

Before the court for disposition is plaintiff's motion for leave to file a second amended complaint to add David Krewson, M.D. and Robert Zimmerman, M.D. (collectively "Doctors Krewson and Zimmerman") as individual defendants under plaintiff's state law PHRA claim.  Because we find that plaintiff named Doctors Krewson and Zimmerman in her

administrative grievances with the Equal Employment Opportunity Commission (hereinafter "EEOC"), the court will grant plaintiff's motion.

**Background**

The instant employment discrimination action arises from Plaintiff Kathryn Carroll's (hereinafter "plaintiff") employment with Defendant Comprehensive Women's Health Services (hereinafter "defendant" or "CWHS"). Plaintiff worked in defendant's medical records department from November 2000 until her termination on February 6, 2013. (Doc. 9, Am. Compl. (hereinafter "Am. Compl.") ¶¶ 21, 26-27).

While employed with the defendant in 2011, plaintiff received a breast cancer diagnosis and requested approximately three weeks of medical leave to receive treatment. (Id. ¶¶ 13-15). Plaintiff requested, and the defendant granted, an additional three weeks in 2012 to receive breast cancer treatment. (Id. ¶ 16). On January 31, 2013, plaintiff again requested one day of medical leave to receive genetic testing to verify whether plaintiff carried a cancer gene. (Id. ¶ 17). Plaintiff also requested a week off in March 2013 for surgery to prophylactically remove her ovaries. (Id. ¶ 19).

On February 5, 2013, plaintiff went for genetic testing. (Id. ¶ 20).

2

Upon plaintiff's return to work the next day, plaintiff's supervisor stated that she could not locate a patient's chart. (Id. ¶ 21). Plaintiff responded that she did not work the previous day and did not know the location of the missing chart. (Id. ¶ 22). Shortly thereafter, plaintiff's supervisor located the missing chart and, according to plaintiff, "proceeded to verbally reprimand plaintiff for her attitude about the missing chart." (Id. ¶ 23).

A few hours later, plainitff's supervisor met with Doctors Krewson and Zimmerman. (Id. ¶ 25). At the conclusion of this meeting, these individuals called plainitff into a conference and terminated her employment. (Id. ¶ 26). Plaintiff's supervisor immediately escorted plaintiff out of the building and directed her not to say anything to the staff. (Id. ¶ 29).

In response to her termination, plaintiff filed a complaint and a first amended complaint. The first amended complaint asserts three claims. Count I avers the defendant discriminated against the plaintiff because of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. (hereinafter "ADA"). (Id. ¶¶ 36-44). Count II states a disability discrimination claim against the defendant under Pennsylvania's Human Relations Act, 43 PA. STAT. § 951, *et seq*. (hereinafter "PHRA").

(Id. ¶¶ 45-48).  Count III asserts a claim under the Genetic Information Non-Discrimination Act, 42 U.S.C. § 2000ff, *et seq.* (hereinafter "GINA").

On November 21, 2016, plaintiff filed a motion seeking leave to file a second amended complaint.  (Doc. 15).  Plaintiff seeks to name Doctors Krewson and Zimmerman as individual defendants under Count II–plaintiff's state law PHRA claim. The parties briefed the issues, bringing the case to the present procedural posture.

**Jurisdiction**

As this case is brought pursuant to the ADA and GINA for unlawful employment discrimination, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  The court has supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

**Discussion**

Plaintiff seeks leave to file a second amended complaint to include Doctors Krewson and Zimmerman as individual defendants under her state law PHRA claim.  Plaintiff asserts these individuals, as owners of Defendant CWHS, made the decision, or aided and abetted in making the

4

decision, to terminate her employment.  The defendant argues plaintiff failed to administratively exhaust her remedies pertaining to any claim against these doctors, and therefore, plaintiff's proposed amendment is futile.   After a careful review, the court agrees with the plaintiff and will allow her to file a second amendment complaint naming Doctors Krewson and Zimmerman as individual defendants in Count II–plaintiff's PHRA disability discrimination claim.

Federal Rule of Civil Procedure 15 provides that when a responsive pleading has been filed, a "party may amend its pleading only with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(2).  Rule 15 counsels courts to "freely give leave [to amend a complaint] when justice so requires."  Id.  Nonetheless, a district court may deny leave to amend a complaint if the amendment has been unduly delayed, would unduly prejudice the nonmoving party, or would be futile. Averbach v. Rival Mfg. Co., 879 F.2d 1196, 1203 (3d Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  The burden is on the nonmoving party to show that there are grounds for denying leave to amend.  Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007).

In the instant matter, the defendant only opposes plaintiff's motion on the ground that her amendment is futile.  Specifically, the defendant argues that plaintiff's proposed amendment cannot withstand a motion to dismiss, and is therefore futile, because she failed to exhaust her administrative remedies with the EEOC and PHRA regarding her aiding and abetting claim against Doctors Krewson and Zimmerman.  See Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983) (stating that a proposed amendment would be futile if such amendment would not withstand a motion to dismiss).

It is well-settled that exhaustion of administrative remedies is a threshold issue for discrimination claims.  Antol v. Perry, 82 F.3d 1291, 1295 n.3 (3d Cir. 1996).  Reviewing the purpose of the exhaustion requirement, the Third Circuit Court of Appeals explained that "[t]he congressional policy underlying this framework was to resolve discrimination claims administratively through cooperation and voluntary compliance in an informal, noncoercive manner." Burgh v. Borough Council of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).

Unlike Title VII, the PHRA provides for individual liability in cases where a person aids and abets discriminatory acts.  Under the PHRA, it is

unlawful for "any person . . . to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice." 43 PA. STAT. § 955(e). To fully exhaust plaintiff's proposed aiding and abetting claim against Doctors Krewson and Zimmerman, plaintiff must have specifically named these defendants as persons alleged to have committed acts of discrimination in her administrative complaint. 43 PA. STAT. § 959. (emphasis added).

The Third Circuit Court of Appeals, however, has recognized an exception to this general rule requiring a party to specifically name an individual defendant in their administrative complaint. Specifically, a plaintiff may seek to add a previously unnamed party "when the unnamed party received notice and when there is a shared commonality with the named party." Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh, Pa., 903 F.2d 243, 252 (3d Cir. 1990). Thus, the court must determine whether Doctors Krewson and Zimmerman were named in plaintiff's administrative complaint as persons alleged to have committed acts of discrimination. If plaintiff failed to specifically name these individuals, plaintiff must establish that these individuals received notice of plaintiff's allegations and share a commonality with a named party.

Here, plaintiff specifically named Doctors Krewson and Zimmerman in her administrative complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"), thereby satisfying the PHRA's notice requirement. Plaintiff's EEOC questionnaire lists Doctors Zimmerman and Krewson as defendant's owner. (Doc. 22-1, Ex. A, Pl.'s EEOC Questionnaire at 2-3). Moreover, plaintiff's EEOC charge states Doctors Krewson and Zimmerman were responsible for her discharge, stating that the defendant "eventually called [plaintiff] into a conference room where the two Doctors of the practice and Office Manager had been in and was informed that I was being terminated effective immediately." (Doc. 22-1, Ex. A, Pl.'s EEOC Charge of Discrimination as 7). Thus, plaintiff's EEOC documents demonstrate that Doctors Krewson and Zimmerman are named parties, thereby satisfying the PHRA's notice requirements.

Having determined that plaintiff adequately named Doctors Krewson and Zimmerman in the body of her administrative complaint, it is unnecessary to determine whether this case falls into the exception, discussed in the parties' briefs, that allows a judicial action against an unnamed party "when the unnamed party received notice [of the administrative complaint] and when there is a shared commonality of

interest with the named party." Schafer, 903 F.2d at 252.  Logically, this exception only applies when the party was not named at all, either in the caption or the body of the administrative complaint.

In any event, if this exception to the naming requirement did apply, we would reach the same conclusion.  Specifically, plaintiff satisfied the dual prongs of establishing that: (1) the unnamed party received notice of the administrative complaint and (2) the unnamed party shares a commonality of interest with the named party.  As previously stated, Doctors Krewson and Zimmerman received notice of plaintiff's charges as named individuals in plaintiff's complaint.  Furthermore, Doctors Krewson and Zimmerman share a commonality of interest with the defendant as its owners.  Accordingly, if the court were to determine that Doctors Krewson and Zimmerman were not officially named respondents in plaintiff's administrative complaint, the court would, nonetheless, find that the exception applies allowing plaintiff to bring a PHRA aiding and abetting claim against Doctors Krewson and Zimmerman.

In short, the defendant failed to establish grounds for the court to deny plaintiff's request to file a second amended complaint.  As such, the court will grant plaintiff's motion for leave to file a second amended

complaint adding Doctors Krewson and Zimmerman as individual defendants under plaintiff's state law PHRA claim under the theory that these defendants made the decision, or aided and abetted in making the decision, to terminate plaintiff's employment.

**Conclusion**

For the above-stated reasons, the court will grant plaintiff's motion for leave to file a second amended complaint.  An appropriate order follows.


**Date:  01/18/2016**                                   s/ James M. Munley
                                                                **JUDGE JAMES M. MUNLEY**
                                                                **United States District Court**