**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KATHRYN CARROLL,** | : | **No. 3:16cv1509** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **COMPREHENSIVE WOMEN'S** | : | |
| **HEALTH SERVICES;** | : | |
| **DAVID KREWSON, and** | : | |
| **ROBERT ZIMMERMAN,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are defendants' two motions in limine (Docs. 53 & 55) filed on October 31, 2017. Defendants' first motion seeks to bifurcate the trial into liability and damages phases, or in the alternative, to bifurcate the trial and preclude financial evidence (including defendants' net worth) in the first phase of the trial. (Doc. 53). Defendants' second motion in limine seeks to preclude evidence of and reference to any other discrimination claim filed against them, including but not limited to the lawsuit filed by Judy Nagle. (Doc. 55).

Plaintiff opposes both motions in limine. The motions have been fully briefed, and they are ripe for disposition.

**Background**

This employment discrimination matter arises from the decision of Defendants, Comprehensive Women's Health Services, Dr. David Krewson, and

Dr. Robert Zimmerman (hereinafter "defendants," collectively, or "CWHS," "Defendant Krewson," or "Defendant Zimmerman") to terminate Plaintiff Kathryn Carroll's (hereinafter "plaintiff") employment one day after she requested medical leave for genetic cancer testing and after previously taking leave for cancer treatment.  Plaintiff claims defendants terminated her employment in contravention of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (hereinafter "ADA"), the Pennsylvania's Human Relations Act, 43 PA. CONS. STAT. ANN. § 951, et seq.  (hereinafter "PHRA"), and the Genetic Information Non-Discrimination Act, 42 U.S.C. § 2000ff, et seq. (hereinafter "GINA").  A pre-trial conference is scheduled for November 17, 2017.

Defendants brought two motions in limine in advance of the pre-trial conference, bringing the case to its current posture.  The parties have briefed their positions and the motions are ripe for disposition.

**Discussion**

**I. Motion to bifurcate the trial into liability and damages phases, or in the alternative, to bifurcate the trial and preclude financial evidence (including defendants' net worth) in the first phase of the trial.**

**Standard of review**

Rule 42 of the Federal Rules of Civil Procedure provides for bifurcated trials as follows:  "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues,

claims, crossclaims, counterclaims, or third party claims. FED. R. CIV. P. 42(b).
Every civil trial contains questions of liability and damages, and the decision
whether to bifurcate the trial must be based on the particular facts of the case.
See Lis v. Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978). The decision
to bifurcate is left in the trial court's discretion and must be decided on a case-by-
case basis. Idzojtic v. Pa. R.R. Co., 456 F.2d 1228, 1230 (3d Cir.1972). In
exercising such discretion the court "must weigh the various considerations of
convenience, prejudice to the parties, expedition and economy of resources."
Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984). The moving
party bears the burden of establishing that bifurcation is appropriate. Innovative
Office Prods., Inc. v. Spaceco, Inc., No. 50-04307, 2006 WL 1340865 at *1 (E.D.
Pa. May 15, 2006) (citing Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144
F.R.D. 99, 101 (N.D. Cal. 1992).

Defendants argue that bifurcation is appropriate here. Defendants' position
is that trial bifurcation into liability and damages phases would streamline the
case and protect against jury confusion. Alternatively, defendants suggest
bifurcation into liability and compensatory damages in the first phase, and
punitive damages in the second phase, should the jury believe they are
appropriate. Defendants are concerned that evidence related to their personal

3

finances might conflate the issues, confuse the jury, and suggest to the jury that it render a verdict on an improper consideration.

We are confident that, with the assistance of able counsel, we can construct a jury charge and verdict slips that will prevent prejudice to either party. We presume that a jury follows instructions, even in the most difficult cases, and find that proper instructions will prevent any prejudicial confusion. See, e.g., Thaubalt v. Chait, 541F.3d 512, 530-31 (3d Cir. 2008) (upholding the decision not to bifurcate the trial in part because the court's instructions prevented prejudice against the defendant.) Thus, defendants' first motion in limine will be denied.

## II. Motion in limine to preclude evidence of, and reference to, any other discrimination claim filed against them, including but not limited to the lawsuit filed by Judy Nagle[1]

Other discrimination claims have been brought against defendants, including a pending federal lawsuit brought by Judy Nagle, plaintiff's former supervisor. Defendants seek to preclude this evidence from trial as irrelevant to the claim at bar.

Because this motion in limine addresses evidentiary issues, first we will briefly explain rules of admissibility. Generally, relevant evidence is admissible in

---

[1] The parties have learned that Nagle herself has filed an employment discrimination lawsuit against defendant herein, Comprehensive Women's Health Services, P.C., docketed at 15-cv-0042 (M.D. Pa.).

a trial and irrelevant evidence is not admissible. FED. R. EVID. 402. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Relevant evidence may be precluded, however, where "its probative worth is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

Defendants are understandably concerned with the relevance of Judy Nagle's lawsuit to plaintiff's case. Plaintiff admits she is properly precluded from introducing evidence of Nagle's suit as substantive evidence. FED. R. EVID. 404(b). (See Doc. 57 at 2). Plaintiff argues, however, that the existence of the Nagle lawsuit may be used for impeachment.

We agree with plaintiff. If defendants testify in such a way that impeaching them with the existence of other lawsuits becomes appropriate, then evidence of the other lawsuits will be admissible. Therefore evidence of Nagle's discrimination lawsuit against defendants will be precluded as substantive evidence in plaintiff's case, but not precluded for impeachment purposes.

**Conclusion**

After a careful review, defendants' first motion in limine, (Doc. 53), shall be denied, and defendants' second motion in limine, (Doc. 55), shall be granted in part and denied in part. An appropriate order follows.

**Date:  November 16, 2017**          **s/ James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**